# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50269 | **DATE** | June 7, 2001 |
| **CASE TITLE** | | ELLMAN v. HENTGES | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion to compel is granted in part and denied in part as stated in the attached. Defendants are ordered to produce documents in accordance with the attached order by June 20, 2001. It is further ordered that the date for the filing of dispositive motions be changed to July 30, 2001, to accommodate the possibility that additional materials will be produced as late as June 20, 2001. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see attached order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | JUN - 8 2001 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| TML | courtroom deputy's initials | date mailed notice |

2001 JUN -8 PM 1:45
U.S. DISTRICT COURT
CLERK

date/time received in central Clerk's Office — mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

MARILYN I. ELLMAN,           )
                              )
       Plaintiff,             )      Case No. 99 C 50269
                              )
       v.                     )      Philip G. Reinhard
                              )      P. Michael Mahoney
DR. JOSEPH HENTGES, DR. HOLLIS )
RAVITZ, NANCY FRIEDMAN KRENT, )
BENNETT RODICK and JOHN DOES 1-10, )
                              )
       Defendant.             )

DOCKETED JUN - 8 2001

FILED-WD 2001 JUN -8 PM 1:45 CLERK U.S. DISTRICT COURT

## Memorandum Opinion and Order

Pro se Plaintiff, Marilyn Ellman, filed a motion to compel in this case on May 8, 2001. Plaintiff seeks the production of various documents and Defendants have objected to their production on the basis of irrelevance and attorney-client privilege. Plaintiff's initial claims have been whittled away to some extent by the District Court's rulings on Defendants' motions to dismiss and currently Plaintiff has a claim against Defendants under the First Amendment for interference with protected speech and a state law defamation claim. The relevance of the documents requested by Plaintiff is determined by the scope of her complaint. Fed. R. Civ. P. 26(b)(1).

      Plaintiff has requested the following documents:
1. personnel files for all individuals who have filed lawsuits against the district or administrators during the time of Plaintiff's employment,
2. personnel file of Faith Gonzales who committed suicide including all memos to and from Faith and administrators and the school board attorney,
3. copies of all past and present suits against the district or administrators including those filed by children, parents and non-certified staff,
4. Woodstock High School daily sign out sheets for all years Plaintiff was employed there,

5. copies of contracts for services for District 200 from Hodges, Loizzi, Eisenhammer, Rodick and Kohn,
6. copies of all correspondence by Hodges, Loizzi regarding/advising procedures for dismissal of certified personnel,
7. proof of all educational degrees and state licensing for attorneys Krent and Rodick and administrator Ravitz,
8. copies of letter and memos by Ravitz, Henteges, Krent and Rodick that threatened classified personnel of insubordination, termination or other harassing threats,
9. copies of all remediation plans prepared for classified personnel over the last 14 years and
10. copies of all letters or memos sent or received by Ravitz, Henteges, Krent or Rodick to or from the union regarding Plaintiff.

With respect to Request No. 1, Plaintiff claims that the personnel files of other employees who have filed claims against the school district are relevant in that they will establish that Defendants have a history of libel, defamation and First Amendment violations. This court notes that Plaintiff did not limit her request to the personnel files of those who filed claims similar to that filed by Plaintiff. In balancing the potential for Plaintiff to discover relevant information against the interests of her fellow employees in their personnel files, this court finds that the likelihood of discovering relevant information in those personnel files is outweighed by the employees privacy interests. Additionally, information as to whether or not Defendants have a history of libel, defamation and First Amendment violations can be discovered through other methods. For example, in Request No. 3, Plaintiff requests copies of all past and present lawsuits against the school district and its administrators. Had this request been properly limited to lawsuits similar to Plaintiff's, Plaintiff would have been able to properly obtain information regarding Defendants' history of libel, defamation and First Amendment violations. However, Plaintiff failed to properly limit

2

Interrogatory No. 3 to request information regarding lawsuits similar to hers. Plaintiff's motion as to Request Nos. 1 and 3 are denied.

In Request No. 2 Plaintiff seeks the personnel file of Faith Gonzalas including all memos to and from Ms. Gonzalas and the administrators and school board attorney. Plaintiff appears to claim that Ms. Gonzalas committed suicide as a result of the harassment, defamation and intimidation by Defendants. Plaintiff has produced no evidence to support her theory regarding Ms. Gonzalas' death and this court declines to permit a fishing expedition into the personnel files of Plaintiff's co-workers. Plaintiff's Request No. 2 is denied.

Plaintiff's motion as to Request Nos. 4, 5 and 7 are denied. Request No. 4 seeks the production of the Woodstock High School daily sign out sheets and Request No. 7 seeks documentary proof of all educational degrees and state licensing for Ms. Krent, Mr. Rodick and Dr. Ravitz. As to Request No. 4 Plaintiff has provided no explanation as to how these documents are relevant to her claims of defamation and interference with free speech. Plaintiff asserts that the credentials of Ms. Krent, Mr. Rodick and Dr. Ravitz are relevant in that they have been practicing psychology and education and Plaintiff questions whether they are licensed to do so. The professional lives of Defendants Krent, Rodick and Ravitz are not at issue except as to Plaintiff's claims that they defamed her and interfered with her protected speech. Whether Defendants are qualified to act as psychologists and educators is irrelevant to Plaintiff's claims. Similarly, Plaintiff's request for copies of contracts for services from Hodges, Loizzi, Eisenhammer, Rodick and Kohn, Request No. 5, is irrelevant. Plaintiff asserts that their fees are blurred between legal, illegal and educational services. How the attorneys' fees are paid in relation to the type of work they perform is not relevant to Plaintiff's claims. Plaintiff's motion as to Request Nos. 4, 5 and 7 are

3

denied.

In Request No. 6 Plaintiff seeks all correspondence by Hodges, Loizzi, Eisenhammer, Rodick and Kohn regarding procedures for dismissal of certified personnel. Defendant has objected to this request on the basis of attorney-client privilege and irrelevance. While it is likely that the requested documents are privileges, Defendants have not provided the required description of the documents to allow this court to determine that they are, in fact, privileged. Fed. R. Civ. P. 26(b)(5). However, it is clear that documents relating to the District's dismissal policy are not relevant. Plaintiff has not been dismissed by Defendants. The District's dismissal policy is not relevant to her claims of defamation and interference with protected speech. Plaintiff's motion as to Request No. 6 is denied.

Request No. 8 seeks the production of all letters and memos prepared by Defendants that threaten classified personnel with insubordination, termination or other harassing threats. Request No. 8 is overly broad in that it is not limited to letters and memos that threaten or harass classified personnel who have exercised their First Amendment rights and are otherwise similarly situated to Plaintiff. Letters to employees similarly situated to Plaintiff that threaten those employees as a result of protected speech may be relevant. However, Plaintiff's Interrogatory No. 8 is not so narrowly written. Plaintiff's motion as to Request No. 8 is denied.

With respect to Request No. 9, Defendants note that remediation is no longer a subject of this litigation. Plaintiff has failed to make any effort to demonstrate the relevance of her request for copies of remediation plans for classified employees for the last 14 years. Request No. 9 is also vague in that the term "classified personal" (sic) is not defined and this court does not know to whom Plaintiff is referring. Plaintiff's motion as to Request No. 9 is denied.

As to Request No. 10, Defendants claim that all documents sent or received by Defendants

4

to the union regarding Plaintiff have been produced. Defendants' communications to others with respect to Plaintiff may be relevant to her claims of defamation and interference with protected speech. Defendants are ordered to produce all documents responsive to Request No. 10 that have not previously been produced or a certification that all documents responsive to Plaintiff's Request No. 10 have been produced after diligent inquiry.

**CONCLUSION**

In accordance with the above, Plaintiff's motion to compel at to Request Nos. 1 through 9 is denied. As to Request No. 10, Defendants are to produce all responsive documents or to certify that all such documents have been produced by June 20, 2001. This court notes that the current date for the filing of dispositive motions in this case is July 2, 2001. It is ordered that the date for the filing of dispositive motions be changed to July 30, 2001, to accommodate the possibility that additional materials will be produced as late as June 20, 2001.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 6/7/01

5